UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

JS-6

| | |
|---|---|
| **Case No.** CV 20-8802 MWF (Ex) | **Date:** February 10, 2021 |
| **Title:** *Joseph R. Meehan v. Natasha Loxton, et al.* | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:          Court Reporter:
Rita Sanchez          Not Reported

Attorneys Present for Plaintiff:          Attorneys Present for Defendant:
None Present                              None Present

**Proceedings (In Chambers):**   ORDER DISMISSING ACTION WITHOUT PREJUDICE

On September 24, 2020, Plaintiff Joseph R. Meehan commenced this action against Defendants Natasha Loxton, Olivia Hasler and Priscilla Kelly. (Complaint (Docket No. 1)). Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff must have served the Complaint by December 23, 2020.

On December 7, 2020, the Court issued an Order directing Plaintiff to show cause ("OSC"), by no later than December 23, 2020, why the action should not be dismissed for lack of prosecution. (Docket No. 12). On December 8, 2020, Plaintiff filed an Application for an Extension of Time to Serve Defendants; on December 9, 2020, the Court granted Plaintiff's request and extended the deadline to respond to February 5, 2021. (Docket Nos. 13 and 14).

On January 5, 2021, Plaintiff filed a Proof of Service ("POS") of the Summons and Complaint on Defendant Olivia Hasler. (Docket No. 15). The POS notes that Defendant Hasler was served by substituted service and mail on October 16, 2020. Defendant Hasler's response to the Complaint was therefore due no later than November 16, 2020. The OSC required not only the POS, but also either Defendant's response to the Complaint or Plaintiff's Application for the Clerk to Enter Default.

Plaintiff has not adequately responded to the OSC. It is well-established that a district court has authority to dismiss a plaintiff's action due to her failure to prosecute and/or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 20-8802 MWF (Ex) | Date:  February 10, 2021 |
| Title:      *Joseph R. Meehan v. Natasha Loxton, et al.* | |

*Railroad Co.*, 370 U.S. 626, 629–30 (1962) (noting that district court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (stating that district court may dismiss action for failure to comply with any order of the court).

Before ordering dismissal, the Court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendant; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260–61 (failure to comply with court orders).

Taking all of these factors into account, dismissal for lack of prosecution is warranted.  Accordingly, the action is **DISMISSED** *without prejudice*.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58.  Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

IT IS SO ORDERED.